ON Application for Rehearing.
We have re-examined the issues and have found no reason to change our decision.
An assessment had been made of the property in the name of one who, it may be, was not the owner.
The plaintiffs, in their petition, allege that the pretended title of Wm. Henry, the one in whose name the property was assessed, was acquired from W. J. Delano, on May 19, 1877, but that Delano, the vendor, at the time had no title.
We grounded our decision upon the assessment as made. We thought, and still think, that under the jurisprudence of this court, based upon the curative acts of the Legislature, the assessment and sale were legal enough to enable the defendant to acquire the right he claimed.
In the matter of Orloff Lake, 40 An. 142, the assessment was m de in the name of one whose title, if any he ever had, had never been recorded. The court sustained the sale, and decided that the curative act was conclusive evidence in regard to the regularity of the assessment. An assessment had been made, and no question of irregularity could be raised.
In the case in hand, the one in whose name the property was assessed had a title — whether legal or illegal, it was of record and served as a basis for an assessment.
The decisions of the Supreme Court of the United States recognize the force of curative acts in matter of the tax title. From one of the decisions of that exalted tribunal we copy:
“ We do not feel at liberty to disregard the plain intention of the acts of Congress. We are not unmindful of the numerous decisions *1477 of State courts which have construed away the plain meaning of statutes providing for the collection of taxes, disregarding the spirit •and often the letter of the enactments, until of late years the astuteness of judicial refinement had rendered almost inoperative all legislative provisions for the sale of land for taxes. The consequence was that bidders at tax sales, if obtained at all, were mere speculators. The chances were greatly against their obtaining a title. The least error in the conduct of the sale, or in the proceedings preliminary thereto, was held to vitiate it though the tax was already due and unpaid. Mr. Blackwell in his Treatise on Tax Titles says: That out of a thousand cases in court (of tax sales) not twenty have been sustained. To meet this tendency of judicial refinement very many States have, of late, adopted very rigid legislation. The acts of Congress we are considering must have had it in view. Hence the stringent provisions they contain * * There is no possible excuse for not enforcing such statutes according to their letter and spirit.’ ” De Treville vs. Smalls, 98 U. S. 525.
In the second place, the question of long silence, in regard to the title, and the neglect to pay taxes was considered by us as having a bearing upon the issues.
This court said, in Michel vs. Stream, 48 An. 341: “ From this it will be seen that the Code recognizes the existence of ‘an abandonment,’ as it were, of the right of even the constructive or civil possession, resulting from ownership * * affecting materially the rights of the owner.”
With reference to a title this court said in Cavalier vs. Moss, 2 An. 584: “They (plaintiff and defendant) are of equal condition, and the defendant can not be evicted by a title not superior to his own:” citing in support Pothier, Droit de Propriete, No. 294.
In Hooter vs. Tippet, 8 Martin, N. S. 637, this court considering a matter of title, said: “Under such circumstances we consider the pretensions of each about equal in law and equity, and the defendant being in possession can not be disturbed.”
Applying these principles also, we reached the conclusion before handed down. Land holders must pay some attention to their taxes.
“ After so many years the doctrine of ‘abandonment’ applied.” Stewart vs. Schonfeldt, 13 Sargent & Rawle, 360.
The rehearing is refused.
Nicholls, 0. J., absent; ill.